IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OKLAHOMA SPECIALTY<br>INSURANCE COMPANY,<br><br>*Plaintiff,*<br><br>VS.<br><br>KUNG FU SALOON HOLDINGS, LLC,<br>AND ROBERT CAMILLONE,<br><br>*Defendants.* | § § § § § § § § § § § § § | CIVIL ACTION NO. 15-262 |

PLAINTIFF'S ORIGINAL COMPLAINT
FOR DECLARATORY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, Oklahoma Specialty Insurance Company ("Plaintiff" or "Oklahoma Specialty") files this Original Complaint for Declaratory Judgment, complaining of Kung Fu Saloon Holdings, LLC and Robert Camillone, and for cause of action would respectfully show the Court as follows:

I.
JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because complete diversity of citizenship exists between the Plaintiff and each of the Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

II.
PARTIES

2. Plaintiff Oklahoma Specialty Insurance Company ("Oklahoma Specialty") is a foreign insurance company with its principal place of business located in Oklahoma City,

Oklahoma. Oklahoma Specialty is duly authorized to engage in the business of insurance in the State of Texas, and does engage in such business in Texas.

3. Defendant, Kung Fu Saloon Holdings, LLC ("Kung Fu") is a Texas corporation duly authorized to conduct business in Texas, which does conduct business in Texas, and which maintains its corporate headquarters and principal place of business in Austin, Travis County, Texas. Kung Fu may be served with process by serving its designated agent for service, Thomas M. Watson, at 500 Capital of Texas Hwy North, Suite C, Austin, Texas 78703, or at such other place where he may be found.

4. Defendant, Robert Camillone ("Camillone"), is an individual domiciled in the State of Texas and may be served where he may be found. (collectively Kung Fu and Camillone are the "Defendants").

### III.
### FACTUAL BACKGROUND

5. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Oklahoma Specialty seeks a declaration of the parties' rights and duties under an insurance policy that Oklahoma Specialty issued to Kung Fu, specifically as that policy relates to claims Joseph O'Hare (O'Hare) has asserted against Defendants in an underlying lawsuit currently pending in a Travis County, Texas.

A. **The Underlying Lawsuit**

6. On or about November 24, 2014, O'Hare commenced the following numbered and styled Cause No. D-1-GN-14-004917, *Joseph O'Hare v. Kung Fu Saloon Holdings, LLC and Robert Camillone* (the "underlying lawsuit"). The underlying lawsuit against Defendants is pending before the 419th Judicial District Court of Travis County, Texas.

7. Oklahoma Specialty is not a party to the underlying lawsuit.

8. O'Hare alleges that he suffered bodily injury when Camillone, an employee of Kung Fu, grabbed O'Hare around his neck, lifting him up off the ground and carried him toward the exit door and then tossed him to the ground. After this incident, O'Hare was then rushed to University Medical Center Brackenridge where he underwent emergency brain surgery for life threatening injuries he sustained at Kung Fu.

9. In connection with the alleged assault and battery, O'Hare has sued the Defendants for "infliction of bodily injury", and has sued Kung Fu for vicarious liability (*respondeat superior*), and negligent hiring, training, retention and supervision.

10. In the Underlying Lawsuit, O'Hare asserted damages for the following:

   a. Medical, hospital, and pharmaceutical changes and expenses in the past and future;

   b. Pain and suffering in the past and in the future;

   c. Mental anguish suffered in the past and in the future;

   d. Disability and impairment in the past and in the future.

**B.   Oklahoma Specialty Insurance Policy**

11. On or about December 28, 2013, Oklahoma Specialty issued a policy of Commercial General Liability Insurance to Kung Fu[1]. The Policy was issued under number AXOSGL 10000000034600, is an eroding policy with effective dates of December 28, 2013 to December 28, 2014 (the "Policy"). A true and correct copy of the Policy is attached to this pleading as **Exhibit "A"** and incorporated herein for all purposes.

12. The Policy consists of several coverage parts including a Commercial General Liability Coverage Part, and a Liquor Liability Coverage Part. Both of these parts are modified

---

[1] Specifically, the Policy was issued to Kung Fu Managers; Washington Guys LLC; Grande Guys LLC d/b/a Kung Fu Saloon. Kung Fu is a member of the respective LLC's referenced herein.

by, among other endorsements, an Assault and Battery Coverage Sublimit and an exclusion for Fines, Penalties, Punitive and Exemplary Damages and Multiple Damages.

13. Per the Commercial General Liability Coverage Part, the following provides, in relevant part, the scope of coverage for Bodily Injury and Property Damage Liability:

> **SECTION I – COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILTY**
>
> 1. **Insuring Agreement**
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.
>    *******************************************************
>    b. This insurance applies to "bodily injury" and "property damage" only if:
>
>    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
>
>    (2) The "bodily injury" or "property damage" occurs during the policy period;
>    *******************************************************
>    c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section ll - Who ls An lnsured or any "employee" authorized by you to give, or receive notice of an "occurrence" or claim, includes any continuation, change or redemption of that "bodily injury" or "property damage' after the end of the policy period
>
>    d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

*See* Ex. A, at CG00 01 12 07, pg. 1-2 of 16.

14. The Commercial General Liability Coverage has several exclusions, one of which is the following:

2. **Exclusions**

This insurance does not apply to:

a. **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to 'bodily injury" resulting from the use of reasonable force to protect persons or property.

*See* Ex. A, at CG00 01 12 07, pg. 2 of 16.

15. The Policy also has a Medical Payments exclusion. Such exclusion is referenced in the Declarations, in the Limits of Insurance Section (*See* Exhibit A, at CG DS 01 07 98, at 1 of 3.), and the endorsement entitled **EXCLUSION – COVERAGE C – MEDICAL PAYMENTS** which states as follows:

With respect to any premises or classification shown in the Schedule:

1. Section I – Coverage C – Medical Payments does not apply and none of the references to it in the Coverage Part apply: and

2. The following is added to Section I – Supplementary Payments:

      h. Expenses incurred by the insured for first aid administered to other at the time of an incident for "bodily injury" to which this insurance applies.

*See* Ex. A, at **CG 21 35 10 01**, at 1 of 1.

    16. The Commercial General Liability Coverage also provides who is, and in some cases, who is not, an "Insured" under the Policy. Below is a relevant portion of the Policy's applicable Section:

> **SECTION II – WHO IS AN INSURED**, of CG00 01 12 07 which states in pertinent part:
>
> 1. If you are designated in the Declarations as:
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
>
>   c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.
>
>   2. Each of the following is also an insured:
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
>
> a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.
>
> No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

*See* Ex. A, at CG00 01 12 07, pg. 9 of 16.

    17. The Commercial General Liability Coverage also defines several terms essential for determining coverage. Included below are the relevant terms:

> **SECTION V – DEFINITIONS**
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

3.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

5.    "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14.    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a.    False arrest, detention or imprisonment;
    b.    Malicious prosecution;
    c.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
    d.    Oral or written publication, in any manner, of material that slanders or libels a person;
    e.    Oral or written publication, in any manner, of material that violates a person's right of privacy;
    f.    The use of another's advertising idea in your "advertisement"; or
    g.    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

*See* Ex. A, at CG00 01 12 07, at 12-14 of 16.

18.    As noted above, the Commercial General Liability Policy has several endorsements that impact coverage and/or modifies the limits of insurance. Outside of any endorsement that modifies the limits of insurance, the Commercial General Liability Policy excludes medical expenses, and has an occurrence limit of $1,000,000.00 per applicable occurrence with an aggregate limit of $2,000,000.00. *See* Exhibit A, at CG DS 01 07 98, at 1 of 3. The Assault and Battery Sublimit is an endorsement that modifies the limits of insurance and is stated in its entirety as follows:

    **SECTION III – LIMITS OF INSURANCE** is amended and the following added:

Subject to 4.and 5, the most we will pay under COVERAGE A and B for claims made against you caused by and Section III- Limits Of INSURANCE Paragraph 2 & 3 of the Liquor Liability Coverage Form

(1)     Assault and Battery committed by any person;

(2)     The failure to suppress or prevent assault and battery by any person;

(3)     The failure to provide an environment safe from assault and battery or failure to warn of the dangers of the environment which could contribute to assault and battery;

(4)     The negligent hiring, supervision, or training or any person; or

(5)     The use of any force to protect persons or property whether or not the "bodily injury" or "property damage" was intended from the standpoint of the insured or committed by or at the direction of the insured

And to which this is insurance applies is shown below for this coverage:

$100,000 Each Claim Limit

$100,000 Aggregate Limit

$5,000 Deductible

The Aggregate Limit shown above is the most we will pay as damages because of "bodily injury", "property damage", or "personal and advertising injury" sustained and expenses incurred in the defense and adjustment of claims and "suits" regardless of how many persons assert claims or "suits" against you.

Subject to the Aggregate Limit shown above, the Each Claim Limit is the most we will pay as damages because of "bodily injury", "property damage", or "personal injury and advertising injury" sustained and expenses incurred in the defense and adjustment of claims and "suits" asserted in any one claim. All claims for damages made by one or more persons because of any one act of series of acts of assault and battery shall be deemed to be one claim.

> The Each Claim and Aggregate Limits described above are the most we will pay regardless of the number of insured's. These Limits of Insurance are subject to and not in addition to the General Aggregate Limit shown in the Declarations page of the policy. Payments under these Limits of Insurance are part of and erode the General Aggregate Limit of Insurance shown in the Declarations page.
>
> All other terms and conditions of the policy remain unchanged.

See Ex. A, at CG AX 55 09 12, pg. 1 of 1.

19. Additionally, the Commercial General Liability Policy includes an exclusion for punitive damages. The applicable exclusion is included in its entirety herein:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM
>
> A.   The following exclusion is added to **Paragraph 2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** of the Commercial General Liability Coverage Part:
> This insurance does not apply to:
>
> **Fines, Penalties, Punitive or Exemplary Damages, And Multiple Damages**
>
> Sums that the insured becomes legally obligated to pay as:
>
> 1.   Criminal or civil fines, sanctions, penalties or taxes imposed by law;
>
> 2.   Punitive or exemplary damages; or
>
> 3.   The multiplied portion of multiplied awards.

See Ex. A, at OSIC GL 01 17 07 12 and OSCI GL 01 18 07 12.

19. On March 11, 2015, on behalf of Oklahoma Specialty, third party administrator Tristar Risk Management ("Tristar") sent Defendants reservation of rights letters reserving all of Oklahoma Specialties' rights per the Policy. The letters advised the Defendants of the

reservation of rights including, among other things, the application of the Assault and Battery Sublimit, the exclusion of punitive damages, and the exclusion of medical expenses. The letter also advised that Oklahoma Specialty has not denied coverage, but was investigating coverage issues and reserved all of its rights related to making a coverage determination.

## IV.
### DECLARATORY JUDGMENT ACTION

20. The foregoing paragraphs 5 through 19 of this pleading are incorporated herein by reference, the same as if fully set forth here verbatim.

21. Oklahoma Specialty has commenced this suit to seek a judicial determination regarding rights and obligations of Oklahoma Specialty in relation to the Policy and more specifically, the application of the Assault and Battery Sublimit, the medical payments exclusion, and the exclusion for punitive damages asserted in the Underlying Lawsuit against Kung Fu and Camillone. Accordingly, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Oklahoma Specialty petitions the Court for a judgment declaring as follows:

1. **The Assault and Battery Sublimit found in endorsement CG AX 55 09 12 applies to the claims asserted in the Underlying Lawsuit and as such the limits of insurance are $100,000;**

2. **The medical expenses claims in the Underlying Lawsuit are excluded from coverage under the Policy per the Declarations and Coverage C- Medical Payments exclusion in CG 21 35 10 01; and**

3. **The punitive damage claim in the Underlying Lawsuit is excluded from coverage under the Policy per the Fines, Penalties, Punitive or Exemplary Damages, And Multiple Damages exclusion found in endorsement OSIC GL 01 17 07 12 and OSIC GL 01 18 07 12.**

## PRAYER

BASED ON THE FOREGOING, Plaintiff Oklahoma Specialty Insurance Company requests by this pleading that the District Court Judge adjudge:

(1) That pursuant to the Assault and Battery Sublimit, the limits of insurance for each claim is $100,000 and the aggregate is also $100,000 from the claims asserted by O'Hare in Cause No. D-1-GN-14-004917, *Joseph O'Hare v. Kung Fu Saloon Holdings, LLC and Robert Camillone* pending before the 412th Judicial District Court of Travis County;

(2) The medical expenses claims in the Underlying Lawsuit are excluded from coverage under the Policy per the Declarations and Coverage C- Medical Payments exclusion in CG 21 35 10 01; and

(3) That pursuant to the Fines, Penalties, Punitive or Exemplary Damages, And Multiple Damages exclusion, Oklahoma Specialty owes no duty to indemnify the Defendants from the exemplary damages or punitive damages claims asserted by O'Hare in Cause No. D-1-GN-14-004917, *Joseph O'Hare v. Kung Fu Saloon Holdings, LLC and Robert Camillone* pending before the 412th Judicial District Court of Travis County;

(4) That such Plaintiff recover its reasonable and necessary attorneys' fees; and

(5) That such Plaintiff have such other and further relief, whether at law or in equity, to which it may be justly entitled.

Dated: April 6th, 2015.

Respectfully submitted,

  /s/ Richard L. Hathaway
Richard L. Hathaway
Texas Bar No. 24032278
rhathaway@krcl.com
KANE RUSSELL COLEMAN & LOGAN PC
1601 Elm Street, Suite 3700
Dallas, Texas 75201
Telephone:  214-777-4200
Facsimile:  214-777-4299

**ATTORNEYS FOR PLAINTIFF OKLAHOMA SPECIALTY INSURANCE COMPANY**